Cite as 2021 Ark. App. 215

# ARKANSAS COURT OF APPEALS

DIVISION I

**No.** CR-20-570

| | | |
|---|---|---|
| TIFFANY HARRIS | | **Opinion Delivered:** May 5, 2021 |
| | APPELLANT | |
| | | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FOURTH DIVISION [NO. 60CR-18-4797] |
| V. | | |
| STATE OF ARKANSAS | | |
| | APPELLEE | |
| | | HONORABLE HERBERT T. WRIGHT, JR., JUDGE |
| | | AFFIRMED |

## RITA W. GRUBER, Judge

A Pulaski County jury convicted appellant Tiffany Harris of third-degree domestic battering, and after the parties waived jury sentencing, the circuit court sentenced her to twelve months' probation and ordered her to pay a $2500 fine and court costs. Appellant's sole point on appeal challenges the sufficiency of the evidence. We affirm.

Appellant was charged with first-degree domestic battering and terroristic act arising out of an October 2018 incident involving her live-in boyfriend. A jury trial took place on February 12–13, 2020. Officer Christopher Crowder of the Little Rock Police Department testified that he responded to Baptist Health Medical Center on October 16, 2018, in relation to a shooting incident. He found Elijah Muldrow in the emergency room with a bloody gunshot wound to his leg. Based on his conversation with Muldrow, he was able to

develop appellant as a suspect. Officer Crowder testified that he observed Muldrow's Nissan Altima at the hospital with a "bullet slug" in the passenger-side door.

Muldrow testified that appellant is his fiancée and they had been "serious" since around 2014 or 2015. They have one child together. He described their relationship as "good" and "peaceful" but said "we do have our days." He indicated that although they argued, the arguments had never involved physical violence. Muldrow said they had an argument on October 16, 2018. He acknowledged his short temper and testified that he punched a hole in the wall in their home that day. He said that the argument was "big enough" that they were breaking up for the time being. He described himself as "enraged" as he packed his belongings and placed them outside the front door. He walked back and forth between the house and his car placing his belongings in a pile. Muldrow testified that he did not know appellant had a gun until "the warning shots came" at which time he was walking up the driveway toward the front door where she was standing. He stated that he did not see the gun aimed at him, which is why he thought they were warning shots. He thought one of the shots ricocheted and hit him in the leg because he did not see it hit him and did not feel it at first. Once he realized he had been shot, he drove himself to the emergency room where he was treated for a gunshot wound. Muldrow explained that the bullet went in straight through his leg in his thigh area.

At the close of the State's case, appellant moved for a directed verdict:

We move for a directed verdict. We don't believe the State met its burden of proof. To prove Domestic Battery in the First Degree, the State would have to prove that there was purposeful conduct. For there to be purposeful conduct, the State would have to show that it was Ms. Harris' conscious object to engage in conduct of that nature, that would have caused -- the cause of his injury. The testimony in the record at this time is the testimony from the victim himself, who said the gun was not

2

pointed at him and he was raging and upset, and that he did not believe that she was trying to shoot him. His testimony was, it was a ricochet, that the bullet hit the ground and then hit his leg. That is not purposeful conduct. So we move for a directed verdict on that basis.

After the court denied the motion, appellant's counsel withdrew the request for "lessors."

Appellant testified in her defense that she was not aiming at Muldrow and did not intend to shoot him. She added that she would never have gotten the weapon if she had not been scared. She indicated that she became scared after he started knocking things over and punched a hole in the wall. Appellant said that Muldrow had never put his hands on her during their relationship, and she never feared him but described him as having "a little temper." Appellant testified that after she got her gun, she was at the front door and Muldrow was outside, said something threatening, and was being combative. After she told him that he needed to leave, he started coming down the driveway toward her, and she fired two warning shots, which seemed to "amplify" him. She then fired a third shot toward the ground after which Muldrow let out a noise, walked to his car, and drove off. Appellant did not know that Muldrow had been shot but learned of it from her mother.

On cross-examination, when asked where she fired, she replied, "I fired two warning shots in the air, one clearly hit his vehicle. Our house is on an incline and so it's up. Maybe my aim was wrong. I don't know. But I fired two warning shots telling him to leave."

At the conclusion of her testimony, appellant's counsel renewed the motion for directed verdict, which was again denied. When the parties reviewed jury instructions prior to the case being submitted to the jury, the State requested that the lesser-included offense of third-degree domestic battering be included. Appellant's counsel acknowledged that third-degree domestic battering is a lesser-included offense of first-degree domestic battering

3

but argued that they "have a right to either go all or nothing or include the lessors." However, appellant's counsel ultimately conceded that the "law says that the lessor can be given if it is supported by the evidence" but argued that appellant had the right to waive it like the right to waive a jury trial. Ultimately, the court gave the instruction.

Appellant was convicted of third-degree domestic battering and sentenced to twelve months' probation and ordered to pay a $2500 fine and court costs. On February 24, 2020, appellant filed a motion for a new trial arguing that she did not receive a fair trial and the evidence was insufficient to support the conviction of third-degree domestic battering.[1] The sentencing order was filed March 2, 2020, and appellant filed a notice of appeal on March 31, 2020.

When the sufficiency of the evidence is challenged in a criminal conviction, our court views the evidence in the light most favorable to the verdict and considers only the evidence supporting it. *Adkins v. State*, 371 Ark. 159, 264 S.W.3d 523 (2007). We will affirm if the finding of guilt is supported by substantial evidence. *Id.* Substantial evidence is evidence of such sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other, without resorting to speculation or conjecture. *Fernandez v. State*, 2010 Ark. 148, 362 S.W.3d 905.

Arkansas Code Annotated section 5-26-305(a)(3) (Supp. 2019) provides in part that a person commits domestic battering in the third degree if the person negligently causes

---

[1]The circuit court never ruled on the posttrial motion; thus, it was deemed denied as of the thirtieth day. *See* Ark. R. Crim. P. 33.3 (c). Appellant did not file a notice of appeal from the denial of the motion for new trial and does not challenge it on appeal.

physical injury to a family or household member by means of a deadly weapon. Section 5-2-202(4) (Repl. 2013) provides:

> (A) A person acts negligently with respect to attendant circumstances or a result of his or her conduct when the person should be aware of a substantial and unjustifiable risk that the attendant circumstances exist or the result will occur.

> (B) The risk must be of such a nature and degree that the actor's failure to perceive the risk involves a gross deviation from the standard of care that a reasonable person would observe in the actor's situation considering the nature and purpose of the actor's conduct and the circumstances known to the actor.

Appellant contends that the evidence is insufficient to support the conviction because the State failed to prove she negligently caused injury to Muldrow. Specifically, she contends that there was not sufficient evidence to find that appellant was aware of a substantial and unjustifiable risk that the injury would occur when she fired the warning shots. The State responds that appellant failed to preserve the argument she raised on appeal. We agree.

Appellant moved for directed verdict only on the charge of first-degree domestic battering, the charged offense. Although she attempted to withdraw her request for instructions on lesser-included offenses, the circuit court gave the instruction for third-degree domestic battering over her objection. Our supreme court has held that in order to preserve challenges to the sufficiency of the evidence supporting convictions for lesser-included offenses, defendants are required to anticipate and address the lesser-included offenses, either by name or by apprising the court of the elements of the lesser-included offenses, in their motions for directed verdict. *Ramaker v. State*, 345 Ark. 225, 46 S.W.3d 519 (2001). Because appellant did not move for directed verdict on third-degree domestic battering, her argument is not preserved for appeal. Accordingly, we affirm.

5

Affirmed.

HARRISON, C.J., and ABRAMSON, J., agree.

*Willard Proctor, Jr., P.A.*, by: *Willard Proctor, Jr.*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rachel Kemp*, Sr. Ass't Att'y Gen., for appellee.